UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
FIDELITY AND GUARANTY INSURANCE
UNDERWRITERS, INC.,

                                    Plaintiff,

    -against-

JASAM REALTY CORP., CROTONA PROPERTIES,
INC., SURRE, GOLDBERG & HENRY ASSOCIATES,
INC., JOSE RODRIGUEZ and ALICE RODRIGUEZ,

                                   Defendants.
----------------------------------------------------------------X

MEMORANDUM
AND ORDER

CV 01-8434

(Wexler, J.)

APPEARANCES:

    DLA Piper LLP (US)
    BY: ROBIN C. TARR, ESQ.
    Attorneys for Plaintiff
    1251 Avenue of the Americas
    New York, New York 10020-1104

    NORMAN A. KAPLAN, ESQ.
    Attorney for Defendants
    JASAM REALTY CORP. and
    CROTONA PROPERTIES, INC.
    111 Great Neck Road
    Great Neck, New York 11021

    SARETSKY KATZ DRANOFF & GLASS, LLP
    BY: PATRICK J. DELLAY, ESQ.
    Attorneys for Defendants
    SURRE, GOLDBERG & HENRY ASSOCIATES, INC.
    475 Park Avenue South
    New York, New York 10016

    TUMELTY & SPIER, LLP
    BY: THOMAS P. SPIER, ESQ.
    Attorneys for Defendants
    JOSE RODRIGUEZ and ALICE RODRIGUEZ

160 Broadway, Suite 708
New York, New York 10038

WEXLER, District Judge

This is an action brought by Plaintiff, Fidelity and Guaranty Insurance Underwriters, Inc. ("Fidelity"), seeking to rescind insurance coverage it issued to Defendant Crotona Properties Inc. ("Crotona"), and to recover expenses incurred as a result of said coverage. Additionally, Fidelity seeks a declaration that it owes no duty to defend and/or indemnify Crotona in a personal injury action that is presently pending in New York State Court (the "State Court Action"). The State Court Action was commenced on July 5, 2000, and arises out of a construction accident involving Defendant Jose Rodriguez. Mr. Rodriguez is joined as a plaintiff in the State Court Action by his wife, Alice Rodriguez. Both Jose and Alice Rodriguez are named Defendants here (collectively the "Rodriguez Defendants").

Fidelity's claims center on the argument that the property it insured as vacant property was actually intended to be used as a construction site, and that this intended use was known at the time that a binder for coverage was issued on August 5, 1999. In addition to naming Jasam Realty Corp. ("Jasam") and Crotona as defendants, Fidelity names Surre, Goldberg & Henry Associates, Inc., a broker of Fidelity insurance, ("Surre, Goldberg") as a defendant.

Fidelity's claims against Jasam and Crotona allege that these Defendants concealed from Fidelity the known intent to build on the subject property. Fidelity sets forth causes of action against these defendants for material misrepresentation and fraudulent concealment. The claim against Surre, Goldberg alleges that it knew of the intent to build on the property, and therefore failed to provide accurate underwriting information when requesting coverage. Fidelity's claims

2

against Surre, Goldberg allege breach of contract and negligence. Jasam and Crotona have asserted a contingent claim against Surre, Goldberg alleging that in the event that Fidelity prevails in its claim against Jasam and Crotona, these Defendants will pursue a claim of negligence against Surre, Goldberg.

This case has been tried before a jury twice. Both verdicts were in favor of Fidelity, both were reversed, and the case has been twice remanded by the Second Circuit. The third trial is set to commence on August 3, 2009. Presently before the court is the motion of Jasam and Crotona, joined by the Rodriguez Defendants, (the "Moving Defendants"), pursuant to Rule 42(b) of the Federal Rules of Civil Procedure, to bifurcate the issues in the trial. Specifically, the Moving Defendants seek to have this court first try the claims against Jasam and Crotona, and to thereafter have the same jury consider additional evidence and decide the claims against Surre, Goldberg.

## BACKGROUND

### I.     Prior Proceedings: First and Second Trials

This lawsuit was commenced in December of 2001, and the complaint was amended in October of 2002. The first jury trial was held in 2003, and resulted in a verdict in favor of Fidelity. That verdict was overturned based upon an ambiguity in the special verdict form regarding the separate identities of Defendants Jasam and Crotona. This court corrected the identified ambiguity, and held a second jury trial. That trial, concluded in June of 2006, also resulted in a verdict in favor of Fidelity, and was also appealed by Defendants.

### II.    2008 Decision of the Second Circuit Remanding for New Trial

In an opinion dated August 26, 2008, the Second Circuit vacated the second judgment,

and remanded the case for a new trial. Fidelity & Guaranty Ins. Underwriters, Inc. v. Jasam Realty Corp., 540 F.3d 133 (2d Cir. 2008) (the "2008 Decision"). The 2008 Decision reversed the verdict on the ground that the jury was permitted to consider incorrect dates when considering whether statements made by Defendants were true.

The Second Circuit held that the jury should have been instructed to evaluate the veracity of statements made as of the date "of the making of the insurance contract." Two dates were before the jury. The first date, August 5, 1999, was the date when Surre, Goldberg issued to Jasam the binder of insurance to cover the property where Defendant Rodriguez was injured. The binder served as an endorsement to a policy of insurance initially obtained by Jasam in 1997. That policy was amended to include property owned by Crotona which was the site of the injury that led to the State Court Action. The second date before the jury was August 22, 2000. This was the date when Surre, Goldberg asked Fidelity to endorse the Jasam policy as set forth in the August 5, 1999 binder, and to backdate the coverage to that date. Importantly, the August 1999 date precedes the Rodriguez injury and lawsuit, and the August 2000 date follows those events.

Defendants argued at trial that the date upon which the jury was to evaluate the veracity of statements made was August 5, 1999, which was the date of the binder. Fidelity argued that the later date, August 22, 2000, was the date upon which statements were to be evaluated. This court declined to instruct the jury as to the particular date to consider, and it was this instruction that the Second Circuit held to be in error. The appellate court, agreeing with Defendants, held that the date upon which to evaluate the veracity of statements made was August 5, 1999, the date on which Surre, Goldberg issued to Jasam the binder of coverage on the subject property. Because the appellate court held that evaluating the statements as of August 22, 2000, would be

"impermissible as a matter of law," the case was remanded for a new trial. This court has scheduled the third trial in this matter to commence on August 3, 2009.

III. <u>The Motion to Bifurcate</u>

The Moving Defendants' motion is made pursuant to Rule 42(b) of the Federal Rules of Civil Procedure. That rule gives the court discretion to order separate trials of, <u>inter alia</u>, different issues, "[f[or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). Arguing undue prejudice, jury confusion, and delay, the Moving Defendants seek to try Fidelity's claim against Jasam and Crotona separately from the claim against Surre, Goldberg. This relief was not sought in either the first or second trial. According to the Moving Defendants, bifurcation is now necessary because prejudicial facts regarding the use of the property as a construction site, and the Rodriguez accident will be revealed during the trial of Fidelity's claim against Surre, Goldberg. It is further argued that these facts would not be admissible during the trial of the claims against Jasam and Crotona, and therefore separate trials are required. The court disagrees.

At the outset, the court notes that evidence regarding the use of the property may well be admitted during the trial of the Fidelity's claim against Jasam and Crotona. While the particular facts regarding the Rodriguez injury may not be relevant, the use of the property is relevant to Fidelity's claims of material representation, and fraudulent concealment. While it is true that the jury will be instructed to consider only statements made, and the facts as they existed as of August 5, 1999, that does not mean that the jury will be shielded completely from any evidence relevant to the knowledge of Jasam and Crotona, and the use of the insured property as of that date. As to information regarding the Rodriguez lawsuit, the court agrees that particular facts

about the injury are irrelevant to this coverage dispute. Accordingly, the court will not allow the introduction of evidence regarding the nature of the injuries allegedly sustained. Additionally, the court will amend the jury interrogatories used in the previous trials to delete any reference to Jasam and/or Crotona's knowledge of information about the lawsuit (which occurred after August 5, 1999). The questionnaire will otherwise remain the same, and will simply inquire as to whether Jasam and/or Crotona materially misrepresented and/or fraudulently concealed information from Fidelity.

Even if the Moving Defendants were correct about the admissibility of evidence regarding the use of the property as a construction site, this court would not order bifurcation. This is because of the court's confidence as to the jury's ability to properly consider separate facts regarding separate claims against different entities.

Moreover, this is not a case where the court must speculate as to the length of the trial, and whether the evidence will be complicated. Instead, the court is intimately familiar with the evidence, and the time it will take to try the case. Each time this case has been tried the trial lasted only three days. It is the court's view that bifurcation will not at all reduce the trial time. Indeed, bifurcation may extend the length of the trial. Jury instructions and a jury questionnaire has been fashioned, agreed upon, and used in the prior to trials. With the changes referred to above, the instructions and questionnaire will again be used to separate the different claims and Defendants.

In view of the foregoing, and upon consideration of the parties' submissions, the court holds that it is not necessary to exercise its discretion to bifurcate the issues. Instead, this court is confident that bifurcation is not necessary to achieve the goal of trying this case clearly,

expeditiously, and without prejudice.

## CONCLUSION

For the foregoing reasons, the court denies the motion to bifurcate. The Clerk of the Court is directed to terminate the motions to sever and/or bifurcate, docketed under docket numbers 245, 250, 252 and 253.

SO ORDERED.

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Central Islip, New York
June 1, 2009